UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SBA-TLC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MERLIN CORPORATION, <br><br> Defendant. | No. 15 C 8426 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff SBA-TLC, LLC's ("SBA") Motion for Preliminary Injunction. For the following reasons, the motion is granted.

## I. BACKGROUND

SBA filed this lawsuit against Merlin Corporation ("Merlin") seeking injunctive relief and damages for Merlin's alleged trademark infringement and other difficulties that arose after SBA terminated Merlin's franchise agreement. Until June 2015, Merlin, helmed by its president Frank Smola, operated twelve automotive service shops with SBA as franchisor. After Merlin failed to pay advertising and royalty fees to SBA as required by the franchise agreement, SBA sent Merlin a Notice of Default. According to SBA, Merlin did not cure the default and SBA promptly terminated the franchise, exercising its purchase option with regard to some Merlin locations and ordering the immediate de-identification of the remaining locations.

SBA alleges that since the termination and buy-out, Merlin has continued to use trademarked SBA proprietary marks including signage, slogans, store design plans, and other commercial symbols. Merlin does not dispute its continued use of SBA trademarks but claims that SBA's termination was wrongful because Merlin did cure its default by setting off its debt

1

against money that SBA owed to Merlin under an Installment Note. SBA seeks to enjoin Merlin from the continued use of its trademarks. I presided over a hearing on Plaintiff's Motion for Preliminary Injunction on November 4, 2015, and my conclusions are based on the testimony I heard that day in addition to the written and oral arguments of the lawyers.

## II. LEGAL STANDARD

A movant seeking a preliminary injunction must make a four-part showing: (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of harms tips in the movant's favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

## III. DISCUSSION

### 1. Likelihood of success on the merits

To prevail in a trademark infringement action, the movant must establish: "(1) that it has a protectable trademark, and (2) a likelihood of confusion as to the origin of the Defendant's product." *Ty, Inc. v. Jones Group,* 237 F.3d 891, 897 (7th Cir.2001) (quoting *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.,* 846 F.2d 1079, 1084 (7th Cir.1988)). This is a low bar requiring the movant only to show a "'better than negligible' chance of succeeding on the merits." *Ty, Inc.*, 237 F.3d at 897. SBA contests that Merlin was in default, failed to cure the default, and engaged in unauthorized use of SBA's trademarks after its franchise was validly terminated. SBA has demonstrated, and Merlin does not dispute, that SBA's trademark was properly registered under the Lanham Act and Merlin continues to use those marks. It follows that there is a likelihood of confusion when trademarked property is used by an unaffiliated business. Without deciding the merits of either SBA's or Merlin's arguments regarding the

Installment Note and whether it offset Merlin's debts or not, it is clear to me that SBA has demonstrated a "better than negligible" chance of success on the merits, which is all that is required of it at this stage.

## 2. Irreparable Harm and Inadequate Remedy at Law

For the grant of a preliminary injunction to be proper, the harm to the plaintiff in the absence of an injunction must be "irreparable," which the Seventh Circuit defines as "not fully compensable or avoidable by the issuance of a final judgment (whether a damages judgment or a permanent injunction, or both) in the plaintiff's favor." *Kraft Foods Grp. Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 740 (7th Cir. 2013). Trademark cases are particularly likely to result in irreparable harm because it is so difficult to monetize the likely effect on the brand of a given period of customer confusion. *Id.* at 741 (citing *Processed Plastic Co. v. Warner Commc'ns, Inc.*, 675 F.2d 852 (7th Cir. 1982); *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6 (7th Cir. 1992)). Indeed, the Seventh Circuit presumes irreparable harm in trademark and trade dress infringement cases. *Dunkin' Donuts Franchised Restaurants LLC v. Elkhatib*, 2009 WL 2192753, at *4 (N.D. Ill. July 17, 2009); *Processed Plastic*, 675 F.2d at 858. Here, SBA has demonstrated that continuing to let Merlin use its trademarked symbols until a final judgment is reached will cause irreparable harm to its brand in the form of loss of control over its trademarks, potential loss of profits, and potential harm to customer goodwill.

Likewise, the Seventh Circuit presumes inadequate remedy at law in trademark and trade dress infringement cases. *Elkhatib*, 2009 WL at *4. To demonstrate that an award of damages at the end of trial would be inadequate, a plaintiff need only show that an award would be a "seriously deficient" remedy, not a "wholly ineffectual" one. *Roland Machinery Co. v. Dresser Industries,* 749 F.2d 380, 386 (7th Cir.1984). As discussed above, it is so difficult to quantify

3

harm in trademark cases that an award of damages is frequently an imprecise and inadequate form of compensation. Here, as in other trademark cases, the projected injury is both serious and difficult to accurately measure. It is appropriate in these circumstances to provide injunctive relief in lieu of a potentially inadequate remedy at law.

**3. Balance of Harms**

The balancing analysis requires the court to compare the potential irreparable harms to each party in the event of granting or denying the injunction. *Ty, Inc.*, 237 F.3d at 895. Here, granting the injunction imposes minimal legally cognizable harm to Merlin, whereas denying it could inflict great harm on SBA. As SBA pointed out at the November 4 hearing, any harm to Merlin could easily be compensated if necessary by simply reimbursing Merlin for any lost profits during the period of enjoinment. Moreover, Mr. Smola no longer owns the franchises and SBA fairly compensated him in exchange for control over the businesses, which they are now rightfully exercising. Thus, concerns about Merlin's profitability are no longer Mr. Smola's domain. In contrast, any harm inflicted on SBA by Merlin's ongoing unauthorized use of their trademarks is extremely difficult to gauge and can have serious commercial consequences that linger even after the matter is resolved. The balance of harms tilts in SBA's favor in this case.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion to enjoin Defendants from using trademarked SBA property is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: November 10, 2015